UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY GONZALEZ,

                Plaintiff,

v.                                                     Case No. 24-cv-217-pp

DOOR COUNTY JAIL
and LT. VEESER,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Anthony Gonzalez, who is incarcerated at the Door County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

1

On February 26, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $7.33. Dkt. No. 5. The court received that fee on March 6, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

　　A.　　Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

   B.   The Plaintiff's Allegations

The complaint names the jail and Lieutenant Kyle Veeser as defendants. Dkt. No. 1 at 1. The plaintiff alleges that at 10:02 p.m. on September 18, 2023, he was incarcerated at the jail. Id. at 2. He says that "the officer working the 'bubble' called for 10pm lockdown" while the plaintiff was "lying on [his] mattress on the floor of [his] cell." Id. He asserts that the officer "immediately closed [his] cell door trapping [the plaintiff's] body between the cell door and the door jam [sic]." Id. The plaintiff says he "was trapped bodily [sic] [his] ribs being struck." Id. He explains that the jail's doors work "on an air pressure

system," but that he was able "to force the door back open" and exit his cell "to place a book on the bookshelf." Id. at 2–3.

The plaintiff returned to his cell, and "the officer th[e]n proceeded to close [him] in the door frame again deliberat[e]ly causing [his] arm to be pinced [*sic*] and [his] rib cage that was injured to be re-struck causing [him] tremendous pain." Id. at 3. The plaintiff attached pictures of his injuries, which include bruising on the right side of his torso under his chest and on the back of his right arm, above his elbow. Dkt. No. 1-1 at 1–5. He also attached a review of a grievance he filed about this incident, which Veeser dismissed. Id. at 6. Veeser chastises the plaintiff for "disobeying orders to return to [his] cell[] for lockdown." Id. He avers that if the plaintiff had "listened to the announcement this situation would have never happened." Id.

The plaintiff alleges that "as a result of this[, he] was in substantial pain" and "had trouble sleeping [because he] couldn[']t sleep on [his] right side without causing undo [*sic*] pain." Dkt. No. 1 at 3. He says that an unnamed nurse and nurse practitioner provided him pain medication. Id. He asserts that he also strained his neck pushing the door back open when it first closed on him. Id. He alleges that he had "substantial pain for 1 month after" and still has "residual pain in [his] left neck." Id. The plaintiff alleges that he was not "afforded any outside medical attention." Id.

The plaintiff seeks damages "for gross negligence" and his pain and suffering. Id. at 4. He also asks "for all of the officers who violated [his] 8th

4

Case 2:24-cv-00217-PP   Filed 04/11/24   Page 4 of 12   Document 7

Amendment rights as well as supervisors [and] Jail medical staff (Wellpath Medical) to be written up and formally reprimanded." Id.

C. Analysis

The plaintiff does not explain whether, at the time of these events, he had been convicted of a crime and sentenced or whether he was a detainee awaiting trial. His status will determine the appropriate constitutional amendment under which the court must analyze his claims. The plaintiff has three open cases in Door County. See https://wcca.wicourts.gov/ (Door County Case Numbers 2020CF82, 2021CF129 and 2022CF25). Only case number 2022CF25 has reached a disposition; a jury returned a verdict of guilty on seven counts after trial on January 30, 2024. Id. Sentencing is scheduled for May 10, 2024. Id.

The dockets from the plaintiff's state court cases show that on September 18, 2023, he was a detainee awaiting trial. That means the court analyzes his excessive force claim under the Fourteenth Amendment. See Hardeman v. Curran, 933 F.3d 816, 821–22 (7th Cir. 2019) (citing Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015)). Under the Fourteenth Amendment, the plaintiff must show "that a defendant's conduct was 'objectively unreasonable.'" Kemp v. Fulton County, 27 F.4th 491, 495 (7th Cir. 2022) (quoting Hardeman, 933 F.3d at 824). Stated differently, he must show that the defendant's actions were not "'rationally related to a legitimate non-punitive governmental purpose'" or that they were "'excessive in relation to that purpose.'" Hardeman, 933 F.3d at 822 (quoting Kingsley, 576 U.S. at 398). To do so, he must allege

5

that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his actions. Miranda v. County of Lake, 900 F.3d 335, 354 (7th Cir. 2018). The court must "focus on the totality of facts and circumstances" that the defendant faced and "gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." Williams v. Ortiz, 937 F.3d 936, 942 (7th Cir. 2019); see Kingsley, 576 U.S. at 397.

The plaintiff alleges that an unnamed officer closed his cell door on him while he was lying on his mattress on the ground. He says the officer called for 10:00 p.m. lockdown, then closed the door remotely. These allegations suggest that the officer may not have known that the plaintiff was in the way of the door and may have accidentally closed it on the plaintiff. If that is what happened, the officer would not be liable for the injury that the plaintiff sustained. See Estelle v. Gamble, 429 U.S. 97, 105 (1976) (holding that "[a]n accident, although it may produce added anguish," cannot be characterized as an intentional harm). But the plaintiff alleges that the same officer closed the door on him a second time, after the plaintiff had returned a book to a bookshelf. He clarifies that this second incident was deliberate. It would not be reasonable for an officer to intentionally close an air-pressurized cell door on a detainee who was either lying on his mattress reading or returning to his cell after placing a book on a bookshelf. The court can infer that the jail's cell doors could cause serious injury, and the plaintiff says that he suffered significant pain for weeks after this incident. Construing the allegations in the plaintiff's

favor, the court finds that at this early stage in the case, the plaintiff has stated a claim under the Fourteenth Amendment.

But the complaint does not name a proper defendant. It first names the Door County Jail itself. But the jail is not a "suable entity," Smith v. Knox Cnty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012); it is a unit of the Door County Sheriff's Department, which itself is not suable. See Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004). The complaint also names Lieutenant Veeser, but it does not contain any allegations against him. The plaintiff attached a dismissal of a grievance he filed about this incident, which shows that Veeser is the officer who reviewed and dismissed that grievance. The complaint does not say whether Veeser also is the "officer working the 'bubble'" who allegedly closed the cell door on the plaintiff. While the plaintiff may have a claim against that officer, he does not state a claim against Veeser for reviewing and dismissing his grievance about the incident. See Stankowski v. Carr, Case No. 23-2458, 2024 WL 548035, at *2 (7th Cir. Feb. 12, 2024) (citing Owens v. Evans, 878 F.3d 559, 563 (7th Cir. 2017) (holding that "an official who merely reviews a grievance or appeal cannot be liable for the conduct forming the basis of the grievance").

The plaintiff also mentions unnamed supervisors and medical staff and asks that they "be written up and formally reprimanded." Dt. No. 1 at 4. The court cannot tell from the complaint whether Lieutenant Veeser is one of these supervisors. Nor can the court discern conduct forming the basis for a claim against any other officer or against medical staff, who the plaintiff says tended

7

to his bruises and provided him pain medication. He says that he was not "afforded any outside medical attention," id. at 3, but he does not say who declined to send him to an outside medical provider or why he needed outside medical attention. Simply listing jail and medical staff, without alleging what any of them did to violate the plaintiff's rights, is not enough to hold them liable under §1983. The plaintiff "must establish a defendant's personal responsibility for any claimed deprivation of a constitutional right." Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000).

The complaint does not identify who is responsible for closing the plaintiff's cell door on him and injuring his ribs and arm. It mentions several other persons but does not name any of them or allege what they did, if anything, that may have violated the plaintiff's rights. The complaint therefore fails to state a claim against any person. But as the court explained above, the plaintiff may have stated a claim against the officer who closed his cell door on him. The court will give the plaintiff an opportunity to file an amended complaint identifying the person or persons whom he wants to sue and clarifying any additional allegations he may have against them.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the

8
Case 2:24-cv-00217-PP    Filed 04/11/24    Page 8 of 12    Document 7

court and each defendant with notice of what each defendant allegedly did or did not do to violate the plaintiff's rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the plaintiff does not know the name of the person or persons that he wants to sue, he may use a John Doe or Jane Doe placeholder to identify them in the amended complaint. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

As a final matter, the plaintiff seeks damages and a formal reprimand against jail officers and medical staff. But this court has no authority to order the jail or medical provider to reprimand their employees. The plaintiff filed a grievance against the officer who allegedly closed his cell door on him. He may grieve the actions of medical staff who he believes mistreated him, but he may not seek a reprimand against them in federal court.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for proceed without prepaying the filing fee. Dkt. No. 2.

9

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **May 10, 2024**. If the plaintiff files an amended complaint by the end of the day on May 10, 2024, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by May 10, 2024, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$342.67** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Door County Sheriff, who oversees the Door County Jail where the plaintiff is incarcerated.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include with this order a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons.

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 11th day of April, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**