UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY GONZALEZ,

                Plaintiff,

v.                                                          Case No. 24-cv-217-pp

DOOR COUNTY JAIL
and LT. VEESER,

                Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

---

On April 11, 2024, the court screened plaintiff Anthony Gonzalez's complaint (which he prepared himself, without the assistance of a lawyer) under 42 U.S.C. §1983 and determined that although it stated a potential Fourteenth Amendment claim, it did not name a proper defendant. Dkt. No. 7. The court gave the plaintiff an opportunity to amend the complaint to identify "the person or persons whom he wants to sue and clarifying any additional allegations he may have against them." Id. at 8. On May 1, 2024, the court received the plaintiff's handwritten, amended complaint. Dkt. No. 8. This order screens that amended complaint.

**I.    Screening the Amended Complaint**

    A.    <u>Federal Screening Standard</u>

As the court explained in the previous order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The amended complaint, like the original, alleges that at 10:02 p.m. on September 18, 2023, the plaintiff was incarcerated at the Door County Jail. Dkt. No. 8 at 1. He alleges that Deputy Brooke Wreen was "working the 'bubble' [and] called for 10pm lockdown" while the plaintiff was "lying on [his] mattress on the floor of [his] cell." Id. He says that Wreen "immediately closed [his] cell door trapping [the plaintiff's] body between the cell door and the door jam [sic]." Id. The plaintiff says "[t]his system works on air pressures," and he "was trapped bodily [sic] [his] ribs being struck." Id. He says he was able "to force the door back open" and exit his cell "to place a book on the bookshelf." Id.

The plaintiff returned to his cell, and Wreen "proceeded to close [him in] the door frame again deliberat[e]ly causing [his] arm to [be] pinched and [his] rib cage that was injured to be re-struck causing [him] tremendous pain." Id. at 3. The plaintiff again refers to the pictures that he attached to the original complaint. See Dkt. No. 1-1 at 1–5. He says there also is "camera footage to prove this occur[r]ed." Dkt. No. 8 at 1. He reiterates that Wreen "deliberetly [sic] closed the door on [him] both times [be]cause she watches supposetly [sic] the camera's to see if the inmate is away from door when closing." Id. at 2. The plaintiff alleges that "[a]s [a] result of this[, he] was in substantial pain" and "had trouble sleeping [because he] couldn't sleep on [his] right side without causing undo [sic] pain." Id. at 1.

The plaintiff alleges that Nurse Roxanne Klarkowski and Nurse Practitioner Jane Doe saw him and treated his injuries by giving him 600 mg of ibuprofen, to be taken three times daily for a week. Id. at 1–2. He says he also strained his neck when he forced the door back open, which caused him "substantial pain for 1 month" and "residual pain in [his] left neck." Id. at 2. He

alleges, as he did in his original complaint, that he was not "[a]fforded any outside medical treatment for this such as a[n] MRI or CT scan, neckbrace or adequate pain relief." Id. The plaintiff alleges that his pain has caused loss of sleep, an inability "to do normal physical tasks" and difficulty working out and doing "activities of physical nature that [he] once used to do." Id.

The plaintiff alleges that he has "addressed this with both Security Supvisor [*sic*] Lt. Kyle Veeser as well as nursing staff from WellPath Medical." Id. He says "[t]hey violated [his] 8th [and] 14th Amendment rights" and later alleges that "[a]ll the officers and Nursing Staff" violated his rights, "[a]ll well as [*sic*] Supervisory and Medical Staff." Id. He seeks damages against WellPath, Door County, the Door County Sheriff's Department and "Jail Nurse." Id.

C. Analysis

The court explained in the previous order that the plaintiff was a detainee awaiting trial when the alleged events occurred, so the court analyzes the amended complaint under the Fourteenth Amendment. Dkt. No. 7 at 5 (citing Hardeman v. Curran, 933 F.3d 816, 821–22 (7th Cir. 2019); and Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015)). Under the Fourteenth Amendment, the plaintiff must show "that a defendant's conduct was 'objectively unreasonable.'" Kemp v. Fulton County, 27 F.4th 491, 495 (7th Cir. 2022) (quoting Hardeman, 933 F.3d at 824). He must show that the defendant's actions were not "'rationally related to a legitimate non-punitive governmental purpose'" or that they were "'excessive in relation to that purpose.'" Hardeman, 933 F.3d at 822 (quoting Kingsley, 576 U.S. at 398). To do so, the plaintiff must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his actions. Miranda v. County of Lake, 900 F.3d 335, 354 (7th Cir. 2018). The court must "focus on

the totality of facts and circumstances" that the defendant faced and "gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." Williams v. Ortiz, 937 F.3d 936, 942 (7th Cir. 2019); see Kingsley, 576 U.S. at 397.

The court determined in the previous order that the plaintiff's allegations against the officer who trapped him in his cell door sufficiently stated a claim under the Fourteenth Amendment. Dkt. No. 7 at 6–7. The allegations in the amended complaint are identical to those in the original complaint, except now the plaintiff has identified the officer as Deputy Wreen. For the reasons the court previously explained, the court will allow the plaintiff to proceed on this claim and will add Wreen as the proper defendant. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555–56 (7th Cir. 1996) (noting that courts are charged with assisting self-represented litigants who state allegations against individuals not necessarily named in the caption of their complaint).

The plaintiff also seeks to proceed on a claim against medical staff who he says did not properly treat his pain from the door closing on him and his strained neck from pushing the door open. The court also analyzes these allegations under the Fourteenth Amendment. See Miranda, 900 F.3d at 352 (citing Kingsley, 576 U.S. 389). As with the previous claim, the plaintiff must show that 1) "the 'defendants acted purposefully, knowingly, or perhaps even recklessly'" and 2) "the defendants' actions were [not] 'objectively reasonable.'" Pittman by & through Hamilton v. County of Madison, Ill., 970 F.3d 823, 827 (7th Cir. 2020) (quoting Miranda, 900 F.3d at 353–54). Neither negligence, gross negligence nor medical malpractice amount to deliberate indifference. See Miranda, 900 F.3d at 353. The plaintiff's allegations must show "'more than negligence but less than subjective intent—something akin to reckless

disregard'" to proceed on a Fourteenth Amendment claim. Id. at 353–54 (quoting Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018)).

The plaintiff alleges that Nurse Klarkowski and a Jane Doe Nurse Practitioner provided him ibuprofen for his pain. But he says he was not sent to an offsite provider for scans on his neck, which continued to cause him significant pain for a month. He says this pain caused him difficulties in daily activities, including sleeping and working out. These allegations are slim. The plaintiff does not say whether he told these defendants that he continued to have pain for a month. He does not say whether he requested an offsite appointment, scans of his neck or a neck brace for his nagging pain. Nor does he say whether he received other treatment besides the ibuprofen for his ongoing issues. But construing the amended complaint in his favor, the court reasonably can infer that Klarkowski and the Doe Nurse Practitioner did not provide him additional treatment for his neck issues, which persisted for a month. If these allegations are true, and the court must accept that they are at this stage, they suggest the medical professionals' decisions were not objectively reasonable. The court will allow the plaintiff to proceed on this claim and will add Nurse Klarkowski and Nurse Practitioner Jane Doe as defendants.

Because the plaintiff does not know the name of the Doe Nurse Practitioner, he must use discovery to learn her name. Once all named defendants have responded to the amended complaint, the court will issue a scheduling order setting deadlines for the completion of discovery and for filing dispositive motions. That order also will set a deadline for the plaintiff to identify the Doe defendant and will provide the plaintiff additional information for identifying her. **The plaintiff should not start the process for identifying the Doe defendant until the court has issued the scheduling order.**

6
Case 2:24-cv-00217-PP   Filed 05/13/24   Page 6 of 9   Document 9

The plaintiff also seeks to proceed against Door County, where he was incarcerated when these events occurred, and WellPath, which he says provides medical services to detainees at the Door County Jail. Neither Door County nor WellPath are persons, but the plaintiff still may pursue a claim against them under §1983 if he can show that his injury was caused by a "policy, custom, or practice of deliberate indifference" by the County or WellPath. Shields v. Ill. Dep't of Corr., 746 F.3d 782, 789 (7th Cir. 2014); see Estate of Perry v. Wenzel, 872 F.3d 439, 461 (7th Cir. 2017) (same for municipalities, like Door County). But the plaintiff has not alleged that either Door County or WellPath had a policy, practice or custom of providing inadequate treatment for detainees. He alleges that one officer caused his injury and two nurses provided inadequate treatment. These allegations are insufficient to state a claim against either Door County or WellPath (as opposed to a claim against their employees).

The amended complaint also does not state a claim against Lieutenant Veeser. The court explained in the previous order that the original complaint did not contain any allegations against Veeser. The plaintiff had attached a copy of a grievance that he filed, which Veeser dismissed. Dkt. No. 7 at 4 (citing Dkt. No. 1-1 at 6). As the court explained, the plaintiff "does not state a claim against Veeser for reviewing and dismissing his grievance about the incident." Id. at 7 (citing Owens v. Evans, 878 F.3d 559, 563 (7th Cir. 2017); and Stankowski v. Carr, Case No. 23-2458, 2024 WL 548035, at *2 (7th Cir. Feb. 12, 2024)). Because the amended complaint contains no new allegations against Veeser and only reiterates that the plaintiff complained to him about this incident, it does not state a claim against Veeser. The court will dismiss Veeser. The court also will dismiss the Door County Jail (and not allow the

plaintiff to proceed against the Door County Sheriff's Department) for the reasons explained in the previous order. Id. (citing Smith v. Knox Cnty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012); and Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)).

The plaintiff lists other officials or groups of officials whom he wants to sue, including "Supervisor," "Medical Staff" and "Nursing Staff." But as the court explained in the previous order, the plaintiff's general allegations against "jail and medical staff, without alleging what any of them did to violate the plaintiff's rights, is not enough to hold them liable under §1983." Id. at 8 (citing Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000)); see also Gray v. Weber, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of prisoner's §1983 complaint alleging denial of medical care against defendants identified "only collectively as 'medical staff'"). The court is adding Deputy Wreen and the two nurses whom the plaintiff specifically identifies in the amended complaint. The plaintiff may not proceed against any other jail or medical staff whom he did not identify in the amended complaint or whose involvement he failed to explain.

The plaintiff said that he would be sentenced on May 10, 2024, which suggests he may soon be transferred from the Door County Jail to a state institution. Dkt. No. 8 at 2. The court reminds the plaintiff "that **it is *his* responsibility to promptly notify the court if he is released from custody or transferred to a different institution**. The plaintiff's failure to keep the court advised of his address **may result in the court dismissing this case** without further notice." Dkt. No. 7 at 11 (emphasis added).

8

Case 2:24-cv-00217-PP   Filed 05/13/24   Page 8 of 9   Document 9

## II. Conclusion

The court **ORDERS** that defendants Door County Jail and Lieutenant Veeser are **DISMISSED**.

The court **ORDERS** that the Clerk of Court add Deputy Brooke Wreen, Nurse Roxanne Klarkowski and Nurse Practitioner Jane Doe as defendants.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on defendants Brooke Wreen and Roxanne Klarkowski at the Door County Jail under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Wreen and Klarkowski to file a responsive pleading to the amended complaint.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

Dated in Milwaukee, Wisconsin this 13th day of May, 2024.

BY THE COURT:

HON. PAMELA PEPPER
**Chief United States District Judge**